UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Wilfredo Pagan

   v.                                          Civil No. 13-cv-290-JL

New Hampshire State Prison Warden

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254, by pro se petitioner, Wilfredo Pagan.  Pagan is challenging his drug trafficking conviction on the ground that defense counsel at Pagan's change of plea hearing and sentencing in the state court provided him ineffective assistance of counsel, in violation of Pagan's Sixth Amendment right.  Pagan has also filed a motion to stay the petition, seeking a stay because he asserts the statute of limitations on the § 2254 petition is in danger of expiring before Pagan will be able to completely exhaust his state court remedies on his federal claims.

The § 2254 petition is here for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District

Courts ("§ 2254 Rules").  The motion to stay is properly resolved at the same time as this preliminary review.  For reasons stated below, the motion to stay should be denied, and the petition should be dismissed without prejudice.

## Background

On July 6, 2012, Pagan pleaded guilty to drug-related charges.  The Superior Court sentenced Pagan to serve ten to twenty years in state prison.  Pagan did not appeal his conviction.

In February 2013, Pagan filed a motion to appoint counsel in his criminal case because he believed that Attorney Richard Sheehan, his defense counsel at the change of plea hearing and sentencing, had provided ineffective assistance of counsel.  On April 3, 2013, the Superior Court granted the motion to appoint counsel, and appointed the New Hampshire Public Defender's Office to represent Pagan.

Pagan asserts that he or his appointed counsel is in the process of preparing the initial filing in a state post-conviction proceeding, but that the action may not be filed prior to July 6, 2013, the date he has calculated as the expiration of the statute of limitations in his § 2254 petition.  Pagan intends to exhaust his state court remedies on the claims

asserted in this § 2254 petition in those state court proceedings.

Pagan has asserted the following Sixth Amendment claims in his § 2254 petition:

> Pagan's defense counsel during the trial/sentencing phase of Pagan's case provided ineffective assistance, in violation of Pagan's Sixth Amendment right to counsel, where counsel's performance was deficient, causing prejudice to Pagan, in that:
>
>     1.   Trial counsel misinformed Pagan of his right to have his sentence reviewed; and
>
>     2.   Trial counsel failed to raise meritorious arguments to mitigate Pagan's sentence, based on a comparison between Pagan and co-conspirators, who were at least as culpable as Pagan.

## Discussion

### I.   § 2254 Rule 4 Preliminary Review

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994)

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

To be eligible for habeas relief on his federal claims, a petitioner must show that he has exhausted the remedies available to him in the state courts on his federal claims, or that State corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). Pagan has admitted in the petition that he has not exhausted his state court remedies as to the Sixth Amendment claim asserted in the § 2254 petition. Accordingly, his petition is subject to dismissal for failure to exhaust state court remedies as to any claim asserted in the petition. See id.

II. Motion to Stay

Where a § 2254 petition includes potentially meritorious unexhausted claims, like Pagan's, the district court has discretion to stay the petition to allow the petitioner to exhaust all of his state court remedies, in lieu of dismissing the petition. The Supreme Court has approved of the use of this procedure in the case of "mixed" petitions including both unexhausted and exhausted claims, see, e.g., Rhines v. Weber, 544 U.S. 269, 277 (2005), and there is support for the

proposition that a district court may also stay a petition that includes only unexhausted claims. See Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) (citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). But see Wright v. Oubre, 768 F. Supp. 2d 1277, 1282 (N.D. Ga. 2011) ("'when a federal habeas petitioner has failed to exhaust his state remedies with respect to his only federal claim for relief, he is not entitled to the stay and abeyance procedure . . . which only applies to a mixed petition'" (citations omitted)).

Assuming that a stay might be granted in lieu of dismissing Pagan's petition, there are three factors that the court must consider in deciding whether to grant the motion to stay: (1) whether Pagan has shown good cause for failing previously to exhaust his claims in state court; (2) whether the unexhausted claims would pass this court's preliminary review pursuant to § 2254 Rule 4; and (3) whether there is any indication that the petitioner has engaged in dilatory tactics. Cf. Rhines, 544 U.S. at 278. It would likely be "an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.

Here, the unexhausted claims appear to be "potentially meritorious," and there is no indication that Pagan engaged in intentionally dilatory tactics. Pagan has not shown good cause, however, for failing to exhaust his state court remedies. Although he bases the motion to stay on his fear that the federal statute of limitations applicable to § 2254 petition will run out on July 6, 2013, before he may be able to file a state court post-conviction proceeding to toll that limitations period, this court finds Pagan's fear to be based on a faulty calculation of the limitations period. Pagan's motion thus fails to show the requisite good cause.

The one-year limitations period applicable to a § 2254 petition, subject to certain exceptions not applicable here, begins to run on the date that the petitioner's conviction becomes final upon the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1). Excluded from the limitations period is the time during which any relevant state post-conviction proceeding was pending. See id. § 2244(d)(2). In general, for petitioners like Pagan who did not appeal their convictions to the state

supreme court, the one-year period begins to run upon the expiration of the time period in which the petitioner could have filed such an appeal, see id. § 2244(d)(1), which, in New Hampshire, is thirty days after sentencing, see N.H. Sup. Ct. R. 7(1)(A).  The one-year limitations period applicable to Pagan's § 2254 petition, therefore, began to run no sooner than August 5, 2012, thirty days after Pagan pleaded guilty and was sentenced.  The limitations period will thus expire no sooner than August 5, 2013, unless tolled by a state post-conviction proceeding filed before that date.  Pagan has not contended that he cannot meet that deadline for initiating state proceedings to exhaust his claims, and he has not otherwise shown good cause for failing to exhaust his state court remedies sooner.

## Conclusion

For the foregoing reasons, at this time, Pagan's § 2254 petition (doc. no. 1) should be dismissed without prejudice for failure to demonstrate exhaustion of state court remedies, and the court should deny Pagan's motion to stay (doc. no. 3).  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

July 17, 2013

cc:  Wilfredo Pagan, pro se

LBM:nmd